# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID D. EBBEN,

                Plaintiff,

v.

JANE/JOHN DOE (PSU), JANE/JOHN DOE (HSU), and JANE/JOHN MENTAL HEALTH ADMINISTRATOR,

                Defendants.

Case No. 25-CV-1497-JPS

**ORDER**

Plaintiff David Ebban, a former prisoner, filed a pro se complaint challenging the conditions of his previous confinement. ECF No. 1. Along with his complaint, Plaintiff filed a motion to proceed without prepayment of the filing fee or *in forma pauperis.* ECF No. 2. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

### 1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

A party may submit to the court a request to proceed without prepaying the otherwise required filing fees, otherwise known as a motion to proceed *in forma pauperis*. Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.,* 105 F.3d 274, 275–76 (6th Cir. 1997) (superseded by rule on other, inapplicable grounds); *see also Mitchell v. Farcass,* 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [*in forma pauperis*] litigants—prisoners who pay fees on an installment

basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring)).

In making such a request, a pro se litigant must submit an affidavit including a statement of all assets possessed by the litigant as well as stating the nature of the action and the affiant's belief that the person is entitled to redress. 28 U.S.C. § 1915(a). In order to qualify to proceed in forma pauperis, the pro se litigant need not be "absolutely destitute." *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). In forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc*. 461, F.2d 649, 651 (7th Cir. 1972).

Plaintiff submitted his financial information with his motion to proceed without prepayment of the filing fee. ECF No. 2. Based on his monthly expenses and income, the Court accepts that Plaintiff is indigent. The Court will accordingly grant the motion to proceed without prepayment of the filing fee. However, the inquiry does not end there; the Court must also screen the action.

2.  **SCREENING THE COMPLAINT**

   2.1   **Screening Standard**

When a plaintiff requests leave to proceed in forma pauperis, the Court must screen the complaint. *See* 28 U.S.C. § 1915(e)(2). If the court finds any of the following, then the "court shall dismiss the case": the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id.*

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### 2.2 Plaintiff's Allegations

Plaintiff names various Doe defendants from Winnebago County Jail. ECF No. 1 at 1-2. Plaintiff entered the jail on January 12, 2023. *Id.* at 2. During intake, Plaintiff informed staff that he was suicidal and that he had just tried to commit suicide a few hours earlier by driving his truck over the Winnebago County Bridge. *Id.* Intake placed him in a holding cell. *Id.* Plaintiff asked to see psychological services ("PSU") but was told that he would be able to see them after he got to general population. *Id.* Once in general population, Plaintiff again told officers that he was feeling suicidal and that he wanted to see PSU. *Id.* Plaintiff also wrote to health services ("HSU") and told them about his various health and mental health issues. *Id.* Staff advised Plaintiff to wait until he got to his next housing unit because his current placement was only temporary. *Id.*

After multiple requests, Plaintiff finally saw HSU and told staff he was feeling suicidal. *Id.* at 3. Plaintiff again told staff about his very recent suicide attempt. *Id.* HSU told Plaintiff that PSU had a very heavy workload, but that they would let PSU know about Plaintiff's issues. *Id.* Plaintiff kept writing out slips to HSU for help and he waited weeks with no assistance. *Id.* Plaintiff told HSU that he had been cutting himself with a sharp piece of the shower. *Id.* HSU responded that they would immediately speak with PSU. *Id.* After several weeks, PSU came to Plaintiff's unit, but Plaintiff was not on their list. *Id.* Plaintiff told PSU about his self-harm and suicide attempts; however, PSU left without treating Plaintiff. A few days later, PSU returned and again told Plaintiff that he was not on the list to be seen. *Id.* Plaintiff finally saw PSU and told them that he was not feeling suicidal at that particular time, as he had just been placed on the proper medication. *Id.* The staff member told Plaintiff she would check on him the following

week; however, she never came back while Plaintiff was in Winnebago County Jail. *Id.*

### 2.3 Analysis

Because it appears Plaintiff was a pretrial detainee at the time of the allegations, his failure to protect claim arises under the Due Process Clause of the Fourteenth Amendment. *See Kemp v. Fulton County*, 27 F.4th 491, 495–97 (7th Cir. 2022). Unlike an Eighth Amendment claim, a pretrial detainee claim is governed by an objective standard. Under that standard, as recently clarified by the Seventh Circuit in *Pittman v. Madison County*, 108 F.4th 561, 566 (7th Cir. 2024), once a pretrial detainee proves that the defendant officer's failure to act was purposeful and intentional, the sole question is an objective one: did the defendant "take reasonable available measures to abate the risk of serious harm?" *Id.* at 572. As the court emphasized, "[t]he objective reasonableness of a decision to deny medical care . . . does not consider the defendant's subjective views about risk of harm and necessity of treatment. Instead, the proper inquiry turns on whether a reasonable officer in the defendant's shoes would have recognized that the plaintiff was seriously ill or injured and thus needed medical care." *Id.* at 570.

Here, Plaintiff alleges that the Does were aware that he was suicidal and failed to appropriately act to protect him or provide mental health services. Plaintiff further alleges that after these defendants were aware of Plaintiff's situation, Plaintiff engaged in self-harm by cutting himself. At this early stage, the Court will allow Plaintiff to proceed on a Fourteenth Amendment claim against the Doe defendants for their failure to protect him from a serious risk of self-harm.

Because Plaintiff does not know the names of any of the defendants involved, the Court will add Winnebago County Sheriff John Matz

("Matz") as a defendant for the limited purpose of helping Plaintiff identify the names of the Does. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). The Court will order the U.S. Marshals to serve Sheriff Matz with Plaintiff's complaint and a copy of this Order. Sheriff Matz does not have to respond to the complaint. After Sheriff Matz's attorney files an appearance in this case, Plaintiff may serve discovery upon Sheriff Matz (by mailing it to his attorney at the address in his notice of appearance) to get information that will help him identify the names of the Doe defendants.

For example, Plaintiff may serve interrogatories (written questions) under Federal Rule of Civil Procedure 33 or document requests under Federal Rule of Civil Procedure 34. Because Plaintiff does not state a claim against Sheriff Matz, Plaintiff's discovery requests must be limited to information or documents that will help Plaintiff learn the real names of the Doe defendants he is suing. Plaintiff may not ask Sheriff Matz about any other topic, and Sheriff Matz is under no obligation to respond to requests about any other topic.

After Plaintiff learns the names of the individuals that he alleges violated his constitutional rights, he must provide the Court with their real names. The Court will dismiss Sheriff Matz as a defendant once Plaintiff identifies the Doe defendants' names. After those defendants have an opportunity to respond to Plaintiff's complaint, the Court will issue a scheduling order for the remainder of the case. Plaintiff must identify the names of the Doe defendants within sixty days of Sheriff Matz's attorney appearing. If he does not or does not explain to the Court why he is unable to do so, the Court may dismiss his case based on his failure to follow the Court's order.

3. **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915:

**Claim One:** Fourteenth Amendment claim against Doe defendants for their deliberate indifference to Plaintiff's serious risk of self-harm.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of Court add Defendant Sheriff John Matz as a Defendant;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint and this order upon Defendant **Sheriff John Matz**, pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Sheriff Matz does not have to respond to Plaintiff's complaint; however, he must respond to any discovery requests as described in this Order;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 13th day of November, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.